**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**ROBERT F.**, *Individually and as Guardians Ad Litem of G.F., a minor*, **and APRIL F.**, *Individually and as Guardians Ad Litem of G.F., a minor*,

                              **Plaintiffs,**

  vs.                                     5:18-CV-00594
                                                 (MAD/ATB)

**NORTH SYRACUSE CENTRAL SCHOOL DISTRICT, NORTH SYRACUSE BOARD OF EDUCATION, ANNETTE SPEACH** *in her official capacity as Superintendent of Schools*, **and DAWN HUSSEIN** *in her official Capacity as Principal and Committee on Pre-School Education Chair*,

                              **Defendants.**

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **COOPER, ERVING & SAVAGE, LLP**<br>39 North Pearl Street, 4th Floor<br>Albany, New York 12207<br>Attorneys for Plaintiffs | **CARLO ALEXANDRE C. DE OLIVEIRA, ESQ.**<br>**MATTHEW E. MINNIEFIELD, ESQ.**<br>**PHILLIP G. STECK, ESQ.** |
| **LINNAN & ASSOCIATES**<br>39 North Pearl Street - Suite 4<br>Albany, New York 12207<br>Attorneys for Plaintiffs | **JAMES D. LINNAN, ESQ.** |
| **BOND SCHOENECK & KING, PLLC**<br>One Lincoln Center<br>Syracuse, New York 13202<br>Attorneys for Defendants | **JONATHAN B. FELLOWS, ESQ.**<br>**KATE I. REID, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    On May 18, 2018, Plaintiffs Robert F. and April F., individually and as guardians ad litem of their minor son, G.F., commenced this action against Defendants North Syracuse Central

School District (the "District"), North Syracuse Board of Education, Annette Speach, and Dawn Hussein, alleging discrimination on the basis of disability in violation of Section 504 of the Rehabilitation Act. *See* Dkt. No. 1. Trial is scheduled to commence on May 30, 2023. On March 21, 2023, the Court entered a Memorandum-Decision and Order (1) granting in part and denying in part Plaintiffs' motion *in limine*; and (2) denying the District's motion *in limine*. *See* Dkt. No. 143 (the "March 21 Order").

Currently before the Court is Plaintiffs' motion for reconsideration of the March 21 Order under Rule 60(b) of the Federal Rules of Civil Procedure. *See* Dkt. No 144. For the reasons set forth below, Plaintiffs' motion for reconsideration is denied.

## II. DISCUSSION

**A.   Standard of Review**

"In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements." *In re C-TC 9th Ave. P'ship v. Norton Co.*, 182 B.R. 1, 2 (N.D.N.Y. 1995). Such motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The prevailing rule 'recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice.'" *Tomassini v. FCA US LLC*, No. 3:14-CV-1226, 2021 WL 4819995, *1 (N.D.N.Y. Oct. 15, 2021) (quoting *In re C-TC 9th Ave. P'ship*, 182 B.R. at 3). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

Here, Plaintiffs do not identify an intervening change in controlling law or new evidence not previously available. Rather, Plaintiffs' motion is seeking to correct a clear error of law.

**B.   Plaintiffs' Motion For Reconsideration**

Plaintiffs object to the portion of the March 21 Order that denied their motion *in limine* to preclude Defendants from offering any testimony or evidence contrary to the findings of the impartial hearing officer ("IHO"), under the doctrine of collateral estoppel. *See* Dkt. No. 144-2 at 2-6. The District opposes the motion. *See* Dkt. No. 145.

The March 21 Order rejected Plaintiffs' collateral estoppel argument on two grounds. First, the Court held that the IHO's decision had no preclusive effect on the Section 504 claims in this case because the IHO's determination was "'an unreviewed state administrative decision.'" Dkt. No. 143 at 4 (quoting *K.C. v. Chappaqua Cent. Sch. Dist.*, No. 16-CV-3138, 2017 WL 2417019, *6 (S.D.N.Y. June 2, 2017)). Second, the Court held that collateral estoppel could not be used in this case because the "'[u]se of collateral estoppel must be confined to situations where the ... applicable legal rules remain unchanged.'" Dkt. No. 143 at 4 (quoting *Faulkner v. Nat'l Geographic Enters., Inc.*, 409 F.3d 26, 37 (2d Cir. 2005)).

With respect to the Court's first ground for rejecting Plaintiff's collateral estoppel argument, Plaintiffs argue that the Court's reliance on *K.C.* was "misplaced," because "[t]he issue before the court in *K.C.* ... was res judicata, not issue preclusion ... ." Dkt. No. 144-2 at 3. Although Plaintiffs correctly note that res judicata was an issue before the court in *K.C.*, so was collateral estoppel. *See K.C.*, 2017 WL 2417019, at *6 ("Defendant's argument is premised on the legal doctrines of res judicata *and collateral estoppel*") (emphasis added). In the March 21 Order, the Court relied on the limited portion of *K.C.* that explicitly addressed collateral estoppel:

> [C]ommon law principles of *collateral estoppel* do not aid
> Defendant, as the Second Circuit has held that even under common

3

> law, an unreviewed state administrative decision has no preclusive
> effect on ADA claims, ... and at least one court in the Second
> Circuit has held similarly with respect to Section 504 claims ... .

*Id*. (emphasis added); *see also* Dkt. No. 143 at 4.[1]

Plaintiffs also object to *Kosakow v. New Rochelle Radiology Assocs., P.C.*, 274 F.3d 706, 735 (2d Cir. 2001), and *Telesca v. Long Island Hous. P'ship, Inc.*, 443 F. Supp. 2d 397, 405 (E.D.N.Y. 2006), which *K.C.* relied on, and this Court cited in the March 21 Order. Plaintiffs argue that these cases are inapplicable here because the underlying administrative determinations in those cases were "reached without a hearing," whereas here, there was "a full-fledged evidentiary hearing ... ." Dkt. No. 144-2 at 2. The Court does not believe that this distinction renders *K.C.*'s reliance on these two cases a clear error of law but—even if it did—there is other authority declining to apply collateral estoppel to an unreviewed IHO decision issued after a full evidentiary hearing. *See Cianciotto on behalf of D.S. v. New York City Dep't of Educ.*, 600 F. Supp. 3d 434, 454-55 (S.D.N.Y. 2022).

Plaintiffs briefly cite to *L.K. v. Dep't of Educ. of the City of New York*, No. 09-CV-2266, 2011 WL 127063 (E.D.N.Y. Jan. 13, 2011), in support of their claim that "deference should be given to findings of fact made by an administrative state officer on issues of education and childhood learning disabilities." Dkt. No. 144-2 at 3. However, *L.K.* contains no discussion of collateral estoppel, and the plaintiffs in *L.K.* were seeking direct *de novo* review of the underlying administrative decisions before the district court. *See L.K.*, 2011 WL 127063, at *1. By contrast,

---

[1] It is true, as Plaintiffs note, that *K.C.* held that "notwithstanding the inapplicability, at this stage, of any common law preclusion rules," no deference was owed to the related administrative decision because the issue on review in *K.C.* was the timeliness of the plaintiff's claim, a legal determination outside of the expertise of the State Review Officer that rendered the related administrative decision. *See K.C.*, 2017 WL 2417019, at *7-8. This separate determination does not affect the relevance of the portion of the decision relied upon by this Court.

the IHO decision in this case is not on review before this Court. Additionally, Plaintiffs' argument that *F.M. ex rel. Ms. M. v. Anderson Ctr. for Autism*, No. 1:13-CV-0041, 2014 WL 4457256 (N.D.N.Y. Sept. 10, 2014), "settles this question" is also unavailing. In *F.M. ex rel. Ms. M.*, the court held that, "under the particular circumstances of [that] case," collateral estoppel applied to certain "specific and necessary findings" made in the related administrative hearing. *Id.* at *17. As expressed in *Cianciotto*, this Court finds that the particular circumstances of this case—specifically, that Section 504 requires a showing of discrimination, rather than proof of a mere violation under the IDEA—compels a different outcome. *See Cianciotto*, 600 F. Supp. 3d at 454-55.

Turning to the Court's second ground for rejecting Plaintiff's collateral estoppel argument, Plaintiffs argue that *Faulkner* and the rule it articulated—that the "[u]se of collateral estoppel 'must be confined to situations where the matter raised in the second suit is identical in all respects with that decided in the first proceeding and where the controlling facts and applicable legal rules remain unchanged,'" *Faulkner*, 409 F.3d at 37 (quotation omitted)—applies only where there is an intervening change in the law. *See* Dkt. No. 144-2 at 3-5. *Faulkner* did indeed involve an intervening change in the law. *See Faulkner*, 409 F.3d at 37 ("[E]ven where the specified elements of collateral estoppel are present, reexamination of a legal issue is appropriate where there has been a change in the legal landscape after the decision claimed to have preclusive effect"). However, the broader rule relied on by this Court is not limited to that specific circumstance. *See Comm'r v. Sunnen*, 333 U.S. 591, 600 (1948) ("If the legal matters determined in the earlier case differ from those raised in the second case, collateral estoppel has no bearing on the situation"); *see also d'Amico Dry Ltd. v. Primera Mar. (Hellas) Ltd.*, 116 F. Supp. 3d 349, 357 (S.D.N.Y. 2015); *Phoenix Companies, Inc. v. Abrahamsen*, No. 05-CIV-4894, 2006 WL

2847812, *8 (S.D.N.Y. Sept. 28, 2006).

In any event, a "'district court is generally accorded wide discretion to determine when offensive collateral estoppel should be applied.'" *Bifolck v. Philip Morris USA Inc.*, 936 F.3d 74, 80 (2d Cir. 2019) (quoting *Remington Rand Corp. v. Amsterdam-Rotterdam Bank, N.V.*, 68 F.3d 1478, 1486 (2d Cir. 1995)).  Here, the Court determines that the application of offensive collateral estoppel to Defendants would be unfair, given the differing legal standards and potential consequences for Defendants in this case.  Thus, even if collateral estoppel could apply to the IHO's findings, the Court would exercise its discretion to decline to apply collateral estoppel under the circumstances of this case.

Accordingly, Plaintiffs' motion for reconsideration of the March 21 Order under Rule 60(b) of the Federal Rules of Civil Procedure is denied.

### III. CONCLUSION

After carefully reviewing the record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for reconsideration (Dkt. No. 144) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 18, 2023
      Albany, New York

Mae A. D'Agostino
U.S. District Judge