UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT F., *Individually and as Guardians Ad Litem of G.F., a minor*, and APRIL F., *Individually and as Guardians Ad Litem of G.F., a minor*,

         **Plaintiffs,**

 vs.            5:18-CV-00594
                 (MAD/ATB)

NORTH SYRACUSE CENTRAL SCHOOL DISTRICT, NORTH SYRACUSE BOARD OF EDUCATION, ANNETTE SPEACH *in her official capacity as Superintendent of Schools*, and DAWN HUSSEIN *in her official Capacity as Principal and Committee on Pre-School Education Chair*,

         **Defendants.**
_____

**APPEARANCES:**        **OF COUNSEL:**

**COOPER, ERVING & SAVAGE, LLP**  **CARLO ALEXANDRE C. DE**
39 North Pearl Street, 4th Floor     **OLIVEIRA, ESQ.**
Albany, New York 12207       **MATTHEW E. MINNIEFIELD, ESQ.**
Attorneys for Plaintiffs        **PHILLIP G. STECK, ESQ.**

**LINNAN & ASSOCIATES**      **JAMES D. LINNAN, ESQ.**
39 North Pearl Street - Suite 4
Albany, New York 12207
Attorneys for Plaintiffs

**BOND SCHOENECK & KING, PLLC**  **JONATHAN B. FELLOWS, ESQ.**
One Lincoln Center         **KATE I. REID, ESQ.**
Syracuse, New York 13202
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

  On May 18, 2018, Plaintiffs Robert F. and April F., individually and as guardians *ad litem* of their minor son, G.F., commenced this action against Defendants North Syracuse Central

School District (the "District"), North Syracuse Board of Education (the "Board"), Annette Speach, and Dawn Hussein, alleging discrimination on the basis of disability in violation of Section 504 of the Rehabilitation Act, 42 U.S.C. § 794. *See* Dkt. No. 1. Trial is scheduled to commence on May 30, 2023. Currently before the Court are Defendants' motion *in limine*, *see* Dkt. No. 147, Plaintiffs' motion *in limine*, *see* Dkt. No. 159, Plaintiffs' response in opposition to Defendants' motion, *see* Dkt. No. 166, and Defendants' memorandum in opposition to Plaintiffs' motion. *See* Dkt. No. 167.

For the reasons set forth below, Plaintiffs' motion is denied in part and reserved in part, and Defendants' motion is reserved.

## II. DISCUSSION

**A.    Legal Standards**

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996); *Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co.*, 937 F. Supp. 276, 283 (S.D.N.Y. 1996). "Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *United States v. Paredes*, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001). "[C]ourts considering a motion *in limine* may reserve decision until trial, so that the motion is placed in the appropriate factual context." *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 536 (E.D.N.Y. 2011) (citing *Nat'l Union Fire Ins. Co.*, 937 F. Supp. at 287). Further, a district court's ruling on a motion *in limine* is preliminary and "subject to change when the case unfolds." *Luce*, 469 U.S. at 41. The moving party bears the burden of establishing that evidence is inadmissible for any purpose and so properly excluded on a motion *in limine*. *See United States v. Pugh*, 162

F. Supp. 3d 97, 101 (E.D.N.Y. 2016).

**B.      Defendants' Motion *In Limine***

Defendants' motion *in limine* seeks to preclude Plaintiffs from offering any evidence and testimony regarding G.F.'s kindergarten program, which occurred in 2018-2019. *See* Dkt. No. 147-1. Defendants note as specific examples that Plaintiffs intend to call as witnesses Valerie DiFlorio, the District's Executive Director of Pupil Personnel Services, and Kathy Wheeler, the Cicero Elementary School Principal. *See id.* at 5. Defendants argue that this evidence should be precluded as it is irrelevant to this case which only concerns G.F.'s preschool years. *See id.* Plaintiffs oppose, *see* Dkt. No. 166, and argue that "evidence of Defendants' non-compliance showing deliberate indifference after the filing of Plaintiffs' complaint is admissible as background evidence regarding motive." Dkt. No. 159 at 34.

Evidence must be relevant to be admitted at trial. *See* Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. However, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Under Section 504 of the Rehabilitation Act of 1973, "[t]o establish a *prima facie* violation ... a plaintiff must show that one is: (1) a 'handicapped person' as defined in the RA; (2) 'otherwise qualified' to participate in the offered activity or to enjoy its benefits; (3) excluded from such participation or enjoyment solely by reason of his or her handicap; and (4) being denied participation in a program that receives federal financial assistance." *Loeffler v. Staten*

3

*Island Univ. Hosp.*, 582 F.3d 268, 275 (2d Cir. 2009) (citation omitted).  Monetary damages are recoverable based on a violation of the Rehabilitation Act for an intentional violation.  *See id.*; 29 U.S.C. § 794a(a)(2).

> The standard for intentional violations is "deliberate indifference to the strong likelihood [of] a violation:" "[i]n the context of the Rehabilitation Act, intentional discrimination against the disabled does not require personal animosity or ill will.  Rather, intentional discrimination may be inferred when a 'policymaker acted with at least deliberate indifference to the strong likelihood that a violation of federally protected rights will result from the implementation of the [challenged] policy ... [or] custom.'"

*Id.* (quotation omitted).  The liability standard is but-for causation.  *See Natofsky v. City of New York*, 921 F.3d 337, 351 (2d Cir. 2019).

Defendants have asked for a broad category of evidence, the evidence from G.F.'s kindergarten years or later, to be precluded as irrelevant or its probative value is outweighed by potential prejudice.  *See* Dkt. No. 147-1 at 2-3.  Plaintiffs argue that "the conduct of the defendants after Plaintiff's preschool years is highly probative of Defendants' deliberate indifference to Plaintiff's rights," Dkt. No. 159 at 35 and that it is evidence of Defendants' motive.  *See* Dkt. No. 159 at 34.

As Defendants correctly note, this case was commenced in 2018, before G.F. even started kindergarten.  Plaintiffs had ample time to timely amend the complaint to expand the scope of the pleadings to include allegations related to G.F.'s kindergarten program.  Plaintiffs failed to so move and have attempted to avoid the consequences of their inaction ever since.  This Court has now rejected Plaintiffs' attempts to include allegations related to G.F.'s kindergarten year on multiple occasions.  *See* Dkt. No. 100 at 17; Text Minute Entry dated May 12, 2022 (denying Plaintiffs' motion to amend/supplement the complaint and noting that Plaintiffs' counsel conceded that he was aware of the relevant facts before the extended joinder/amended deadline expired on

4

July 8, 2019, yet waited until March 21, 2022 to file their motion to amend/supplement); Dkt. No. 130. The scope of this proceeding is limited to G.F.'s preschool years. *See id.*

Plaintiffs now claim that G.F.'s kindergarten year is relevant because of the Court's finding that the IHO decision did not expire at the end of the 2017-2018 school year. In support of their argument, Plaintiffs cite to this Court's 2019 Memorandum-Decision and Order which denied Plaintiffs' motion for a preliminary injunction. *See* Dkt. No. 159 at 34 (citing Dkt. No. 42). In that decision, the Court held that the IHO decision did not expire by operation of law when G.F.'s IEP expired. *See* Dkt. No. 42 at 6. As Defendants correctly note, however, that determination is not akin to a determination that Plaintiffs' Section 504 claim extends beyond G.F.'s preschool years. In fact, the Court did not make any decision about the scope of the pleadings at that time. *See id.*

In their motion *in limine*, Plaintiffs claim that the Court's decision that the IHO decision did not expire at the end of the 2017-2018 school year is law of the case. *See* Dkt. No. 159 at 34-35. However, Defendants do not seek to limit the evidence at trial to G.F.'s preschool years on the basis that the IHO's decision expired at the end of the 2017-2018 school year. Rather, Defendants oppose the inclusion of any kindergarten-related evidence and testimony on the basis that such evidence is not relevant and on the basis that the Court has already determined that G.F.'s kindergarten year falls outside the scope of this action. The Court agrees with Defendants that this evidence is not relevant in light of the fact that the Court has already determined that the issues remaining for trial are limited to G.F.'s preschool years.

Moreover, contrary to Plaintiffs' arguments, evidence of G.F.'s kindergarten program is not relevant with respect to background or motive. Plaintiffs' reliance on *United Air Lines, Inc. v. Evans*, 431 U.S. 553 (1977), *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 112 (2002),

and *Golodner v. City of New London*, No. 3:14-cv-173, 2016 WL 1048746, *6 (D. Conn. Mar. 11, 2016), is misplaced. Each of those cases involved allegations of continuing violations under Title VII or 42 U.S.C. § 1983. These cases are inapposite as the untimely allegations at issue occurred before litigation was commenced. Therefore, the time-barred allegations in those cases were minimally known to the parties at the outset of litigation giving the defendants notice and an opportunity to engage in discovery as to the untimely allegations. Here, in contrast, Plaintiffs seek to introduce evidence from *after* the complaint was filed which relates to events that fall wholly outside of the pleadings. Defendants did not engage in discovery related to G.F.'s kindergarten year. Discovery was almost entirely limited to the facts and circumstances surrounding G.F.'s IEPs and Defendants' services during the 2016-2017 and 2017-2018 school years. Given these significant differences, neither *Evans*, *Morgan*, nor *Golodner* is binding or persuasive authority supporting Plaintiffs' position.

More generally, Plaintiffs' argument that events occurring after the complaint was filed can possibly lend background support for their Section 504 claim is completely illogical. Events occurring after Plaintiffs' complaint was filed do not bear on the events at issue in this litigation. *See Nelson v. McGrain*, No. 12-cv-6292, 2019 WL 2590608, *1 (W.D.N.Y. June 25, 2019) (granting motion *in limine* to preclude the plaintiff from presenting evidence of several events "because none of these alleged events are discussed in the complaint").

Even assuming that such evidence was relevant, the Court finds that the probative value of the evidence is far outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. *See* Fed. R. Evid. 403. In denying Plaintiffs' motion to amend, this Court recognized as much and determined that allowing Plaintiffs to assert claims relating to G.F.'s kindergarten program "would be unduly prejudicial to the defense." Dkt. No. 123-2 at 35-36.

6

Accordingly, the Court grants Defendants' motion *in limine*.[1]

## C.   Plaintiffs' Motion *In Limine*

Plaintiffs' motion *in limine* seeks to (1) bind Defendants to facts previously admitted; (2) bind Defendants to facts which they failed to deny in their statement of material facts; (3) admit the impartial hearing officer's ("IHO") decision by judicial notice; (4) admit statements of Defendants' employees as statements by a party opponent; (5) have the Court find the policies of the Defendants authentic and not inadmissible hearsay; (6) have the Court find that all records produced by Defendants as G.F.'s school records reasonably authentic and not inadmissible hearsay; (7) have the Court find that the official records, certified records, recordings of Committee on Preschool Special Education ("CPSE") and Committee on Special Education ("CSE") meetings, and the testimony received at IHO's are self-authenticating; (8) have the Court declare that evidence of Defendants' noncompliance after the filing of Plaintiffs' complaint is admissible as to motive; and (9) have the Court instruct the jury on the "lost chance doctrine." No. 159.  Defendants oppose the blanket admission of facts to the jury that were previously admitted, facts failed to be denied, the IHO decision, and statements by employees, and an inclusion of a "lost chance doctrine" jury instruction.  *See* Dkt. No. 167.  Defendants do not contest the authenticity of Defendants' policies and G.F.'s school records, but do contest the relevance.  *See id.* at 13.

### *1. Previously Admitted Facts*

Plaintiffs argue that "Defendants' prior admissions in its answer and, subsequently, in its responses to plaintiffs' statement of material facts are admissions that are binding on the

---

[1] In light of this ruling, the Court denies the portion of Plaintiffs' motion *in limine* seeking to introduce "evidence of Defendants' non-compliance showing deliberate indifference after the filing of Plaintiffs' complaint." Dkt. No. 159 at 34-35.

Defendants," and seek "to present [such] facts as undisputed facts to the Jury." Dkt. No. 159 at 3. Defendants argue that the admissions of facts at earlier stages of litigation do "not equate to admissibility at trial." Dkt. No. 167 at 6.

A "court can appropriately treat statements in briefs as binding judicial admissions of fact." *Purgess v. Sharrock*, 33 F.3d 134, 144 (2d Cir. 1994); *see also Banks v. Yokemick*, 214 F. Supp. 2d 401, 405-06 (S.D.N.Y. 2002) (discussing judicial admissions as for those "issues of facts"). "Judicial admissions are 'formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them.'" *Banks*, 214 F. Supp. 2d at 405 (citation omitted). "Such assertions are affirmative actions – factual affirmations or stipulations of some sort – that bind both the party making the admission and the court." *Id.* (citations omitted).

In the present matter, Plaintiffs have set forth forty-eight (48) separate "factual" statements that they claim Defendants have previously admitted as being true, generally in their response to Plaintiffs' statement of material facts. *See* Dkt. No. 159 at 3-13. In response, Defendants note that the parties have stipulated to the facts listed in following paragraphs in the parties' joint pretrial stipulation: 1-4, 10, 14-15, 17, 24-28, 31, and 37. Since the parties have already stipulated to these facts, this aspect of Plaintiffs' motion is denied as moot.

With respect to the items not included in the parties' joint pretrial stipulation, Defendants contend that Plaintiffs have mischaracterized several of Defendants' responses to Plaintiffs' statement of material facts. *See* Dkt. No. 167 at 6. As Defendants note, in several instances, Defendants did not simply "admit" the fact alleged, but rather stated that the "fact" proposed by Plaintiffs was in fact argument and not fact at all, or that the fact alleged was true but otherwise irrelevant. *See id.*; *see also* Dkt. No. 91-10 at ¶¶ 23-25. At this stage, the Court is unable to determine whether most of these non-stipulated to facts are, in fact, relevant and admissible at

8

trial. The fact that Defendants may have admitted to the factual accuracy of a statement in a pre-trial document does not mean that the fact at issue is necessarily relevant at trial.

Moreover, courts have distinguished between judicial admissions – which must be unequivocal admissions to statements of fact – and "evidentiary admissions" – which do not limit a party's proof and may be contradicted at trial. *See, e.g.*, *Harris v. Kellogg, Brown & Root Servs., Inc.*, No. 08-cv-563, 2016 WL 8201854, *1 (W.D. Pa. Sept. 6, 2016) (citing cases). In many of the "factual assertions" at issue in this case, Plaintiffs discuss evidence produced in this case, Developmental Progress Reports and IEPs relating to G.F. *See, e.g.*, Dkt. No. 159 at 5. In its response to the motion for summary judgment, Defendants acknowledge the existence of these documents, but otherwise refer the Court to the entire document referenced in the statement of material facts "for a complete and accurate statement of its contents." Dkt. No. 91-10 at ¶ 25. The Court will not deem such statements "judicial admissions" for purposes of trial. To the extent that Defendants attempt to deny such prior admissions at trial, they may be impeached with these prior inconsistent admissions.[2]

Accordingly, this aspect of Plaintiffs' motion *in limine* is denied.

**2. Statement of Material Facts**

Plaintiffs argue that "Defendants are bound to facts which they failed to deny in their statement of material facts," Dkt. No. 159 at 13, and seek to have such facts deemed judicial admissions to which they are bound. In response, Defendants do not challenge the basic notion that it is bound by facts that were not expressly denied in response to Plaintiffs' statement of material facts. *See* Dkt. No. 167 at 7. However, Defendants contend that they specifically objected to the relevance and/or materiality of the asserted facts and continue to maintain these

---

[2] The Court notes that Defendants do not challenge the basic notion that they are bound by the facts that they have previously admitted.

9

objections. *See id.* at 7-8. Defendants further note that, in this aspect of Plaintiffs' motion, they assert that Defendants are bound by the findings reached by an impartial hearing officer ("IHO") before whom Plaintiffs challenged the adequacy of G.F.'s preschool Individual Education Plans ("IEPs") pursuant to the Individuals with Disabilities in education Act ("IDEA"). *See id.* Defendants contend that this is Plaintiff's third attempt "to secure a pretrial evidentiary ruling on this issue" and argue that because the IHO's decision related to the sufficiency of G.F.'s preschool IEPs under the IDEA, and because this action involves a claim of disability discrimination under Section 504, the Court has twice correctly determined that Defendants are not precluded "'from offering any testimony and evidence contrary to the IHO's findings.'" *Id.* at 8 (quoting Dkt. Nos. 143, 146).

Again, the Court does not find the paragraphs identified in this aspect of Plaintiffs' motion as appropriately considered to be "judicial admissions." Defendants acknowledge that the facts asserted in this paragraphs are true. However, they continue to object to the relevance and/or materiality of them. Defendants and the Court agree that the IHO decision is admissible and the Court agrees with Defendants that they may present evidence contrary to the findings of the IHO.[3] This is particularly appropriate considering that "[t]he scope of protection under Section 504 differs from that under the IDEA in that Section 504 offers relief from discrimination, whereas [the] IDEA offers relief from inappropriate education placement, regardless of discrimination." *K.C. v. Chappaqua Cent. Sch. Dist.*, No. 16-cv-3138, 2017 WL 2417019, *7 (S.D.N.Y. June 2, 2017); *see also Zahran ex rel. Zahran v. New York Dep't of Educ.*, 306 F. Supp. 2d 204, 213 (N.D.N.Y. 2004) ("That a court may ... come to the conclusion that an incorrect evaluation has

---

[3] At this point, Plaintiffs should be fully aware of the Court's position on this issue considering that it has now ruled on this issue three times in the span of two months. *See* Dkt. Nos. 143 & 146.

10

been made, and that a different placement must be required [under the IDEA], is not necessarily the same thing as holding that a [disabled] child has been discriminated against solely by reason of his or her [disability]").

Accordingly, the Court denies this aspect of Plaintiffs' motion *in limine*.

### 3. IHO Decision

Plaintiffs ask the Court to take judicial notice of the IHO decision. *See* Dkt. No. 159 at 25. Since Defendants do not dispute the admissibility of the IHO decision, this aspect of Plaintiffs' motion *in limine* is denied as moot.

### 4. Employee Statements

Plaintiffs assert that "any statements" made by Phillip Cleary, Jason Nephew, Amy Stevens, Maria Scarfino, Amanda Foster, Annette Speach, Wendy Tracy, and Dawn Wilczynski that "relate[ ] to the services which should have been provided to F.G. are admissible and not hearsay." Dkt. No. 159 at 26-27. Plaintiffs contend that these statements relate "to matters within the scope of their agency are admissible as statements of a party opponent. *Id.* at 26. Defendants reject the notion that every statement made by any of these individuals is necessarily relevant and contend that because Plaintiffs do not specify the statements or subject matter they seek to introduce from these individuals, it is unable to adequately respond to this aspect of Plaintiffs' motion. *See* Dkt. No. 167 at 12.

The Court agrees with Defendants that, without being provided with the specific statements at issue, the Court is unable to determine at this point whether the statements are subject to the party-opponent hearsay exception or whether such statements are otherwise relevant. Accordingly, the Court reserves judgment on this aspect of Plaintiffs' motion *in limine*.

### 5. Policies, School Records, and Self-Authenticating Records

For reasons unknown, Plaintiffs again seek a pretrial ruling that the records produced by Defendants as part of G.F.'s school records, school policies, and various official records are authentic and not inadmissible hearsay. *See* Dkt. No. 159 at 29-34. Defendants have stipulated to the foundation of these records and will not challenge their authenticity (but may object to their relevance or materiality at trial). *See* Dkt. No. 167 at 13. In view of Defendants' stipulation to the authenticity of these records (which should have obviated the need to move *in limine* on this issue), the Court denies this aspect of Plaintiffs' motion as moot.[4]

### *6. Lost Chance Doctrine*

"The loss-of-chance doctrine is an approach to causation that is primarily used in medical malpractice cases." *Mann v. United States*, 300 F. Supp. 3d 411, 422 (N.D.N.Y. 2018); *see also Gonzalez v. United States*, 612 F. Supp. 3d 336, 346 (S.D.N.Y. 2020); *Barsoumian v. Univ. at Buffalo*, No. 06-CV-831, 2013 WL 3821540, *4 (W.D.N.Y. July 23, 2013) ("[L]oss of chance doctrine is more compelling where the law is compensating the loss of a chance at life, rather than the loss of a chance at, as here, some purely economic gain"), *aff'd*, No. 13-3183-CV, 2015 WL 13926794 (2d Cir. Feb. 20, 2015)). This case is not a medical malpractice case. Accordingly, the Court finds a lost chance doctrine instruction inappropriate and Plaintiffs' motion *in limine* as to

---

[4] Plaintiffs are directed to the Court's standard Jury Trial Order, which was issued in this case on January 24, 2023. *See* Dkt. No. 136. In the section of this order entitled "JOINT PRETRIAL STIPULATION," the Court directs counsel to file a joint pretrial stipulation twenty-one days (21) days before trial, which shall contain, among other things, "[a] list of all exhibits which can be stipulated into evidence **OR** which will be offered without objection as to foundation." *Id.* at 2 (emphasis added). In the joint pretrial stipulation filed by Plaintiffs, they include a section indicating that the exhibits at issue in their motion *in limine* "will be offered without objection as to foundation[.]" Dkt. No. 163 at 1-6. A "primary purpose" of stipulations is to "avoid confusion, and save time and expense for the parties, as well as for the courts." *Mull v. Ford Motor Co.*, 368 F.2d 713, 716 (2d Cir. 1966). Considering that Defendants have stipulated as to the authenticity/foundation of the exhibits at issue in Plaintiffs' motion *in limine*, the Court is flummoxed as to why Plaintiffs' counsel would ask the Court for a ruling *in limine* that these same undisputedly authentic documents are, in fact, authentic.

this instruction is denied.[5]  Plaintiffs will have the opportunity to review, request revisions of, and record objections to the jury instructions created by the Court.

### III. CONCLUSION[6]

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiffs' motion *in limine* (Dkt. No. 159) is **DENIED in part** and **RESERVED in part**; and the Court further

**ORDERS** that Defendants' motion *in limine* (Dkt. No. 147) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 25, 2023
Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[5] The Court was unable to locate any caselaw expanding the lost chance doctrine to a case involving education discrimination under Section 504.

[6] The Court will not address those arguments in Plaintiffs' opposition addressing Defendants' trial brief.  *See* Dkt. No. 166.

13